**RESTAURANT TEAMS INTERNATIONAL, INC., Successor in Interest to Fresh N' Lite, Inc., Stan Swanson, Carole Swanson, and Curtis Swanson, Appellants,**

v.

**MG SECURITIES CORPORATION, Michael Anderson, and Mark MacCloskey, Appellees.**

No. 05–01–00898–CV.

Court of Appeals of Texas, Dallas.

June 18, 2002.

Loren Burnham Smith, Longview, for Appellants.

John Whitney Bowdich, Andrew Korn, Korn, Bowdich & Diaz, L.L.P., Dallas, for Appellees.

Before Justices LAGARDE, FITZGERALD, and RICHTER.

## OPINION

Opinion By Justice LAGARDE.

This is an appeal from the grant of a no-evidence summary judgment. Appellants Restaurant Teams, Inc., successor in interest to Fresh N' Lite, Inc., Stan Swanson, Carole Swanson, and Curtis Swanson sued

appellees MG Securities Corporation, Michael Anderson, and Mark MacCloskey alleging various causes of action.[1] In two issues, appellants argue the trial court erred by granting the no-evidence summary judgment because adequate time for discovery had not passed and by overruling appellants' motion to continue the hearing on appellees' no-evidence motion for summary judgment. For reasons that follow, we affirm the judgment of the trial court.

## PROCEDURAL BACKGROUND

On June 7, 2000, appellants filed their original petition against appellees, alleging causes of action for breach of contract, fraud, fraud in a stock transaction pursuant to section 27.01 of the Texas Business and Commerce Code, and unjust enrichment/quantum meruit. On June 30, 2000, appellees filed their original answer and served requests for disclosure on appellants.

On January 19, 2001, appellees filed a no-evidence motion for summary judgment challenging the existence of evidence to support essential elements of each of appellants' claims. The hearing on the no-evidence motion was set for February 14, 2001. Appellants did not file a response to appellees' no-evidence motion for summary judgment.

On February 9, 2001, appellants filed a motion to continue the summary judgment hearing. Although the record does not reflect that the trial court officially ruled on appellants' motion for continuance, the motion was implicitly denied by the court when it proceeded with the summary judgment hearing and later, on February 14, 2001, granted appellees' no-evidence motion for summary judgment. *See Clemons*

*v. Citizens Med. Ctr.*, 54 S.W.3d 463, 468 (Tex.App.-Corpus Christi 2001, no pet.). On April 27, 2001, the trial court denied appellants' motion for new trial. This appeal ensued.

## ADEQUATE TIME FOR DISCOVERY

In their first issue, appellants argue the trial court erred in granting appellees' no-evidence motion for summary judgment because an adequate time for discovery had not passed. Rule 166a(i) of the Texas Rules of Civil Procedure governs no-evidence motions for summary judgment. The rule states:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.

TEX.R. CIV. P. 166a(i). The comment to rule 166a(i), which the supreme court intended to inform the construction and application of the rule, states that "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." TEX.R. CIV. P. 166(a) cmt.; *see also Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

Although the trial court did not set a discovery period by pretrial order in this case, appellants argue that rule 166a(i) prohibits the trial court from granting a no-evidence summary judgment before the end of the discovery period set forth in

1. In appellants' brief and many of the trial court pleadings, Mark MacCloskey's last name is spelled "McCluskey" or "MacClus-key." We use what appears to be the correct spelling.

rule 190.3. Pursuant to rule 190.3, the "Level 2" discovery control plan applies to cases involving more than $50,000 when another discovery control plan has not been entered by the court. *See* Tex.R. Civ. P. 190.3(a). According to rule 190.3, the Level 2 discovery period begins when the suit is filed and ends the earlier of (1) thirty days before trial, or (2) nine months after the earlier of the first oral deposition or the due date of the first response to written discovery. Tex.R. Civ. P. 190.3(b)(1).

Appellants argue that, reading rule 166a(i) and rule 190.3 together, the trial court cannot grant a no-evidence summary judgment before the expiration of the discovery period applicable to the case. Thus, they argue, the trial court erred in granting the no-evidence motion for summary judgment on February 14, 2001 because nine months had not passed since July 30, 2000, the date their responses to appellees' requests for disclosure were due. However, appellants cite no case law supporting this proposition, and we do not agree that the language of rule 166a(i) requires such a technical determination of when a no-evidence summary judgment may be granted.

Neither rule 166a(i) nor the comment thereto states that the discovery period applicable to a case by virtue of rule 190 must have ended before a no-evidence summary judgment may be granted. *See* Tex.R. Civ. P. 166a(i) & cmt. Instead, the rule merely requires "adequate time" for discovery. *Id.* We will not read such a bright-line requirement into the rule when its language reflects that a more flexible approach was intended.

■ Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific. *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex.App.-Amarillo 1999, no pet.). To determine whether adequate time for discovery has passed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex.App.-San Antonio 2001, pet. denied). Our review of a trial court's determination that there has been an adequate time for discovery is governed by an abuse of discretion standard. *Specialty Retailers*, 29 S.W.3d at 145.

### APPLICATION OF FACTORS

*A. Nature of Case and Evidence Necessary to Defeat Motion*

■ Appellants alleged claims of breach of contract, fraud, and unjust enrichment. This case is not of a nature that would require extensive or complex discovery. *See McClure*, 20 S.W.3d at 729. In fact, none of these claims would require more than minimal discovery, if any discovery at all, to defeat a no-evidence motion for summary judgment.

■ All appellants had to do to defeat appellees' motion was to present more than a scintilla of probative evidence to raise a question of material fact on the elements challenged in the no-evidence motion for summary judgment. *See id.* at 728. Evidence of appellees' alleged breach of contract could have been provided by the affidavit testimony of one of appellants proving up the validity of the contract at issue and setting forth facts reflecting that appellants had performed under the contract while appellees had not. In connec-

tion with appellants' fraud claims, evidence that appellants relied to their detriment on misrepresentations made by appellees is the "sort of evidence that should be immediately available to a plaintiff." *Dickson Constr., Inc. v. Fid. & Deposit Co.,* 5 S.W.3d 353, 356 (Tex.App.-Texarkana 1999, pet. denied). Similarly, in support of their unjust enrichment/quantum meruit claim, appellants could have provided affidavit evidence that they provided goods or services to appellees with the expectation of being compensated, and that they did not receive such compensation. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990).

■ In light of the nature of the claims asserted by appellants, and in view of the fact that affidavit testimony alone by one of the appellants probably would have been sufficient to defeat appellees' motion, these factors favor the trial court's decision that adequate time for discovery had passed. This is particularly true because plaintiffs are presumed to have investigated their case before filing suit. *See Martinez,* 40 S.W.3d at 591.

*B. Length of Time Case and Motion on File*

■ Appellants stress the relatively short period of time the case had been pending and the no-evidence motion for summary judgment had been on file at the time the trial court granted the motion. By our calculations, the case had been pending seven months at the time the motion was filed, and the motion had been on file for twenty-six days before it was granted. However, the rules do not mandate a minimum period of time a case must be pending before a motion may be filed,

as long as there was adequate time for discovery. *See* TEX.R. CIV. P. 166a(i).

Appellants refer to other cases in which an adequate time for discovery was found, and point out that such cases were pending for much longer periods of time than this case. *See, e.g., Dickson,* 5 S.W.3d at 356 (case pending for four years); *In re Mohawk Rubber Co.,* 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, no pet.) (case pending for ten years).[2] However, at least one of our sister courts has also held that a case pending for a period of time as short as the one at issue here provided an adequate time for discovery. *See McClure,* 20 S.W.3d at 729–30 (case on file for seven months before no-evidence motion filed; nonmovant afforded twenty-four weekdays, excluding holidays, to conduct discovery before the summary judgment hearing). Additionally, the cases cited by appellants as examples of other courts finding that similar periods of time did not provide adequate time for discovery were decided before the existence of rule 166a(i), and thus are not instructive to this decision. *See Levinthal v. Kelsey–Seybold Clinic, P.A.,* 902 S.W.2d 508 (Tex.App.-Houston [1st Dist.] 1994, no writ); *CBI Indus. Inc. v. Nat'l Union Fire Ins. Co.,* 860 S.W.2d 662 (Tex.App.-Houston [1st Dist.] 1993), *rev'd on other grounds,* 907 S.W.2d 517 (Tex.1995).

In light of the nature of the case and the type of evidence necessary to controvert the motion, we cannot say the trial court abused its discretion in determining that adequate time for discovery had passed at the time the summary judgment was granted.

---

**2.** Rule 166a(i) was not effective until September 1, 1997. Thus, many cases were pending for years before a party could take advantage of the new procedural vehicle. This does not in any way imply that a case should remain pending for a similar length of time before a party can obtain a no-evidence summary judgment. Such a requirement would nullify the purpose and intent of rule 166a(i).

### C. Status of Discovery

Appellants claim they did not have adequate time for discovery in the period of time the case was pending. In response, appellees argue appellants did not initiate discovery of any kind, they never answered the requests for disclosures served on appellants on June 30, 2000, more than seven months before the hearing on the motion for summary judgment, and they failed to cooperate regarding deposition dates, allegedly violating a rule 11 agreement in which they agreed to provide deposition dates. The record does not contain independent proof of the alleged rule 11 violation. The record is also devoid of any indication that appellants initiated any of their own discovery or responded to the discovery requests served on them by appellees.

Appellants do not explain why they were unable to propound or respond to any discovery. The only explanation offered is that they were "without counsel" for certain periods, including much of the period between the time the no-evidence motion was filed and the time it was granted. According to appellants, their original counsel was "forced to withdraw" in August 2000, and their replacement counsel was "forced to withdraw" in December 2000. Appellants state their third counsel entered his notice of appearance on February 7, 2001, seven days before the summary judgment was granted.

Appellants' motion for continuance, which is verified by appellants' third counsel, states that counsel did not have adequate time to prepare for and respond to appellees' no-evidence motion for summary judgment. However, the motion did not explain why appellants had not responded to any discovery propounded upon them in the months leading up to appellees' motion or why appellants did not propound any discovery requests during that time. Ap-

pellants did not provide any evidence that they diligently attempted to secure new counsel promptly. Additionally, appellants did not explain why they were unable to present any affidavit evidence in opposition to the motion or why they failed to seek leave to file a late response to the motion after they retained their third counsel. Further, the record does not reflect, and appellants do not argue, that they attempted to participate in discovery while the case was pending but were prevented from doing so by appellees or the court. Cf. Tempay, Inc. v. TNT Concrete & Constr., Inc., 37 S.W.3d 517, 522–23 (Tex.App.-Austin 2001, pet. denied) ("From the time TNT Inc.'s answer was filed until the district court granted TNT Inc.'s motion, TNT Inc. successfully resisted Tem-Pay's continuous attempts to obtain the deposition of a corporate representative of TNT Inc."). This factor favors the trial court's determination that adequate time for discovery had passed.

### D. Remaining Factors

The final factors are whether the discovery deadlines were vague and whether the movant requested stricter deadlines for discovery. Martinez, 40 S.W.3d at 591. As previously mentioned, the trial court did not enter a scheduling order regarding discovery. Thus, pursuant to rule 190.3, the Level 2 discovery control plan was applicable to this case. See Tex.R. Civ. P. 190.3. The language of rule 190.3 is unambiguous regarding the length of the discovery period. Further, appellants stated in their original petition that discovery would be conducted under Level 2 of rule 190. Thus, the discovery period applicable to this case was not vague. This factor is neutral.

The record does not reflect that appellees formally requested stricter deadlines for discovery. However, by seeking a no-evidence motion for summary judgment

before the expiration of the discovery deadline, appellees implicitly requested the trial court to cut the discovery period short and, accordingly, impose stricter deadlines for discovery. This factor favors appellants.

### E. Conclusion

Although the trial court's grant of the no-evidence summary judgment motion before the expiration of the discovery period is *a factor* to be considered, it is not, as appellants argue, *determinative* of the issue of whether adequate time for discovery had been provided.

Only one of the factors favors appellants. The majority of the factors support the trial court's ruling that adequate time for discovery had passed. After considering all of the factors together, we conclude the trial court did not abuse its discretion by granting the no-evidence motion for summary judgment before the end of the discovery period applicable to the case pursuant to rule 190.

We resolve appellants' first issue against them.

### MOTION FOR CONTINUANCE

In their second issue, appellants argue the trial court erred in denying their motion to continue the summary judgment hearing. The basis for appellants' motion for continuance was that they were not provided an adequate time for discovery before the no-evidence summary judgment hearing. In light of our conclusion that adequate time for discovery had passed before the summary judgment hearing, we hold that the trial court did not abuse its discretion in denying appellants' motion for continuance. We resolve appellants' second issue against them.

Having resolved both of appellants' issues against them, we affirm the trial court's judgment.