NO. 07-03-0093-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 20, 2003

_____

LINDA JEAN BRANUM, APPELLANT

V.

NORTHWEST TEXAS HEALTHCARE SYSTEM, INC. D/B/A
AMARILLO MEDICAL SERVICE; BAPTIST ST. ANTHONY'S HOSPITAL
CORPORATION, D/B/A BAPTIST ST. ANTHONY'S HEALTH SYSTEM;
AND OWEN GROSSMAN., M.D., APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 88,546-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Linda Jean Branum challenges a summary judgment that she take nothing

by her action for medical negligence under the Medical Liability and Insurance

Improvement Act[1] against appellees Northwest Texas Healthcare System, Inc., d/b/a Amarillo Medical Service; Baptist St. Anthony's Hospital Corporation, d/b/a Baptist St. Anthony's Health System; and Owen Grossman, M.D., (Northwest, *et al.*). By her first two issues, Branum contends the trial court failed to (1) grant her motion for adoption of level 3 discovery control plan even though the granting of the motion was mandatory under Rule 190.4 of the Texas Rules of Civil Procedure and (2) consider her motion for adoption of level 3 discovery control plan even though required to do so by Rule 190.4. By her third issue, she contends the trial court should not have granted summary judgment before granting her motion for adoption of level 3 discovery control plan and ordering that discovery and designation of experts be conducted in accordance with that plan. Based upon the rationale expressed herein, we affirm.

After Branum filed suit on March 9, 2001, wherein she designated that she intended discovery would be conducted under level 2 of Rule 190 against Northwest, *et al.*, she timely filed an expert opinion of George M. Cole, D.O., on August 17, 2001, as required by article 4590i, section 13.01 of the Act. Branum was required to designate her testifying experts by November 9, 2001. Tex. R. Civ. P. 195.2(a). When she did not designate any testifying experts, Northwest, *et al.* jointly filed a no-evidence motion for summary judgment under Rule 166a(i) contending Branum could not establish the appropriate standard of

---

[1]Repealed by Act of June 2, 2002, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Sess. Law Serv., current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001 - 74.507 (Vernon Pamph. 2004).

care or a breach thereof or that the conduct of Northwest *et al.* proximately caused her injuries. Branum did not produce any summary judgment evidence raising a genuine issue of material fact. Instead, she filed a Motion for Adoption of Level 3 Discovery Control Plan, a Rule 166 Scheduling Order, Postponement of Hearing on Defendants' Motion for Summary Judgment and, alternatively, an Order Permitting Plaintiff to Designate Testifying Experts Under Level 2.

Pursuant to the trial court's request, the parties agreed to submit the pending motions at a hearing scheduled for April 15, 2002; however, on February 22, 2002, pursuant to article 21.28-C, section 17 of the Texas Insurance Code, Dr. Grossman filed a Notice of Automatic Stay of Proceedings of PHICO Insurance Company which had been declared insolvent by order dated February 5, 2002, and stayed the proceeding until August 5, 2002. However, the order did not stay, bar, or impede Branum's efforts to engage an expert to be designated as her testifying expert. Upon the expiration of the six-month stay, and following a hearing on November 5, 2002, the trial court signed its order granting summary judgment and dismissing Branum's suit with prejudice on November 7, 2002. Then, on January 12, 2003, the trial court signed its order denying Branum's motion for correction of judgment and motion for new trial.

**Standard of Review**

Where a motion is presented under Rule 166a(i) asserting there is no evidence of

3

one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied); *see* Tex. R. Civ. P. 166a, Notes and Comments.

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id*. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence

4

exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

Instead of presenting a broad form issue which authorizes argument of all possible grounds upon which summary judgment should have been denied, *see* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970), Branum presents three issues which we will consider together. Focusing on the third issue, Branum contends the trial court erred in granting summary judgment before granting her motion for adoption of level 3 discovery control plan and ordering expert designation to be conducted in accordance therewith. As material here, alleging an "adequate time for discovery," and after identifying the elements of Branum's cause of action, Northwest *et al.* moved for summary judgment on the ground there was no evidence of one or more essential elements. Branum did not except to the motion nor claim it was not adequate to "define the issues and to put" her on notice with adequate information to oppose the motion, or otherwise proper under Rule 166a(i). *See* Inwood Forest, Etc. v. R.J.S. Development, 630 S.W.2d 751, 753 (Tex.App.--Houston [1st Dist.] 1982, no writ). More important however, Branum did not produce any summary judgment evidence, expert or otherwise, to establish the appropriate standard of care, a breach thereof, or that her injuries were proximately caused by Northwest, *et al.*

Branum argues that because Rule 190.4 required the trial court to convert the discovery to a level 3 discovery control plan, the "adequate time for discovery" provision of Rule 166a(i) also controlled the level 3 discovery control plan. We disagree. Even if

5

the trial court was required to convert discovery to level 3, a question we need not decide, in McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.App.--Amarillo 1999, no pet.), we held whether an "adequate time for discovery" has been provided is case specific. *See also* McMahan v. Greenwood, 108 S.W.3d 467, 498 (Tex.App.–Houston [14th Dist.] 2003, pet. denied). Branum does not contend she did not have adequate time for discovery; however, as material to her contention, because the question of adequate time is case specific, we decline to impose the bright-line rule suggested by Branum. In Restaurant Teams Intern. v. MG Securities, 95 S.W.3d 336, 339 (Tex.App.--Dallas 2002, no pet.), the court held:

> Neither rule 166a(i) nor the comment thereto states that the discovery period applicable to a case by virtue of rule 190 must have ended before a no-evidence summary judgment may be granted. *See* Tex. R. Civ. P. 166a(i) & cmt. Instead, the rule merely requires "adequate time" for discovery. *Id.* We will not read such a bright-line requirement into the rule when its language reflects that a more flexible approach was intended.

Moreover, Branum did not file a sworn motion for continuance as permitted by Rule 252 and did not file an affidavit stating why she needed additional time for discovery, as required by Rule 166a(g). Jaimes v. Fiesta Mart, Inc., 21 S.W.3d 301, 304 (Tex.App.--Houston [1st Dist.] 1999, pet. denied). We overrule issues one, two, and three.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice