Opinion issued June 15, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00425-CV




CLYDE SNEED, Appellant

V.

CRYOLIFE, INC., Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2004-19370




MEMORANDUM OPINION

          Appellant, Clyde Sneed, appeals from a no-evidence summary judgment
rendered in favor of appellee, CryoLife, Inc. In two issues on appeal, Sneed contends
that the trial court abused its discretion by (1) denying his motion for continuance to
gather additional summary judgment evidence and (2) granting CryoLife’s no-evidence summary judgment motion without allowing an adequate time for discovery. 
          We affirm. 
BACKGROUND
          Sneed underwent knee surgery on April 18, 2002. During the surgery, human
cadaver tissue supplied by CryoLife was implanted into Sneed’s knee.


 On April 16,
2004, Sneed filed a products liability suit against CryoLife. Sneed’s original petition
alleged that the tissue CryoLife provided for his surgery was infected and thus caused
significant knee pain and disability after its implantation. CryoLife filed its original
answer on May 17, 2004. 
          On August 18, 2004, the trial court entered a docket control order for Sneed’s
suit. The order stated that all discovery was to be concluded by April 11, 2005, with
exceptions only by agreement. Other than statements in the respective parties’
pretrial motions and appellate briefs, there is little evidence in the record of what
discovery occurred. The docket control order also required Sneed to identify his
expert witnesses by February 7, 2005 and for CryoLife to identify its experts by
March 7, 2005. All dispositive motions or pleas, including traditional summary
judgment motions, were to be scheduled for hearing prior to April 11, 2005.


 April
11, 2005 was also the deadline for filing challenges to expert testimony. 
          On February 22, 2005, CryoLife filed its no-evidence motion for summary
judgment . A hearing on the motion was set for April 1, 2005. Sneed received notice
of the hearing on or about March 10, 2005 and filed a motion to continue the hearing
on March 18, 2005. In the motion to continue, Sneed’s attorney stated that: (1)
neither party had taken any depositions; (2) he had agreed to extend, from March 19
to March 25, the date that CryoLife’s responses to certain interrogatories were due;
(3) he had not learned until February 22, 2005 that Dr. Susan Burgert was one of the
physicians treating Sneed for complications allegedly stemming from the tissue
supplied by CryoLife; (4) Dr. Burgert required additional, as yet undiscovered,
information before she could render an opinion on the cause of Sneed’s ailments;


 (5)
he was a solo practioneer with a full case load and various medical problems; and (6)
he had informed Sneed in December 2004 that he feared he would be unable to do
justice to Sneed’s case and that Sneed had unsuccessfully attempted to hire a new
attorney as lead counsel. At the April 1, 2005 hearing, the trial court denied Sneed’s
motion for continuance and granted CryoLife’s no-evidence motion for summary
judgment.


 This appeal followed. DISCUSSION
          In two issues on appeal, Sneed maintains that the trial court erred by (1)
denying his motion to continue the hearing on CryoLife’s no-evidence motion for
summary judgment and (2) granting CryoLife’s summary judgment motion without
allowing an adequate time for discovery. 
          Standard of Review
          Both a trial court’s denial of a motion for continuance and its determination
that there has been an adequate time for discovery are reviewed under an abuse of
discretion standard. See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800
(Tex. 2002) (stating that denial of motion for continuance is reviewed for abuse of
discretion standard); Restaurant Teams Int’l, Inc. v. MG Sec. Corp., 95 S.W.3d 336,
339 (Tex. App.—Dallas 2002, no pet.) (stating that trial court’s determination that
there has been adequate time for discovery is reviewed for abuse of discretion). A
trial court abuses its discretion if it acts in an arbitrary or unreasonable manner
“without reference to any guiding rules or principles.” See Garcia v. Martinez, 988
S.W.2d 219, 222 (Tex. 1999). “The mere fact that a trial judge may decide a matter
. . . in a different manner than an appellate judge in a similar circumstance does not
demonstrate that an abuse of discretion has occurred.” Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). 
          Motion for Continuance
          In his first issue on appeal, Sneed contends that the trial court abused its
discretion in denying his motion for continuance. “When a party contends that it has
not had an adequate opportunity for discovery before a summary judgment hearing,
it must file either an affidavit explaining the need for further discovery or a verified
motion for continuance.” See Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996); see also Tex. R. Civ. P. 166a(g), 251, 252. The affidavit or motion
must describe the evidence sought, state with particularity the diligence used to obtain
the evidence, and explain why the continuance is necessary. Rocha v. Faltys, 69
S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). If these requirements are met,
three non-exclusive factors are considered in determining the propriety of a trial
court’s ruling on a motion for continuance: (1) the length of time the case has been
on file; (2) the materiality and purpose of the discovery sought; and (3) whether the
party seeking the continuance has exercised due diligence to obtain the discovery
sought. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004). 
          Here, Sneed filed a verified motion for continuance that was supported by Dr.
Burgert’s affidavit. In addition to noting that CryoLife had yet to respond to requests
for production and interrogatories, to which answers were due on March 25, Sneed’s
motion principally contends that he needed a continuance on CryoLife’s no-evidence
motion for summary judgment in order to obtain evidence requested by Dr. Burgert. 
Sneed’s motion, however, provides no information regarding any efforts made to
secure the evidence requested by Dr. Burgert between the filing of suit and the filing
of CryoLife’s summary judgment motion; nor is there any indication that Sneed
attempted to obtain the evidence between CryoLife’s February 22, 2005 filing for
summary judgment and the April 1, 2005 hearing on its motion. Sneed’s motion for
continuance does not, for instance, indicate that the sought-after evidence had been
formally requested or provide any guidance as to how or when the evidence would
be discovered. See Rocha, 69 S.W.3d at 319 (noting that party seeking additional
time for discovery must state with particularity the diligence used to obtain the
information being sought). 
          Even accepting the adequacy of Sneed’s motion, a review of the three factors
used to evaluate a trial court’s ruling on a motion for continuance fails to convince
us that the court below abused its discretion when it denied Sneed’s motion. First,
Sneed’s case had been on file for approximately 11 months when the trial court
granted CryoLife’s motion, and the discovery period formally ended only ten days
later. Although no bright-line rule exists regarding the length of time a case has been
on file and the propriety of denying a motion for continuance, Texas courts have
overruled such motions in cases on file for fewer than nine months. See Rest. Teams,
95 S.W.3d at 339–40.


 
          Second, although the information requested by Dr. Burgert appears to have
been material to Sneed’s case, it is unclear why Sneed, who had filed suit in April
2004, waited until a March 2005 conference call with Dr. Burgert to investigate
information pertaining to CryoLife’s procedures and practices for harvesting cadaver
tissue. The trial court reasonably could have concluded that this was information
that, with due diligence, could have been pursued from the moment Sneed brought
suit. 
          Sneed contends that he diligently pursued discovery. He argues that his need
for a continuance arose only after he belatedly learned in February 2005 that Dr.
Burgert had been one of his treating physicians. Sneed, however, did not provide the
trial court with any explanation for the delay in discovering the existence of his own
doctor—approximately 16 months after that doctor began treating him and 10 months
after the suit was filed—nor does he state why only Dr. Burgert could testify on his
behalf regarding his product liability claims. Nor is there any other evidence of his
diligent pursuit of discovery. 
          Upon reviewing the length of time Sneed’s case was on file, the materiality of
the evidence he sought, and his pursuit of that evidence, we conclude that the trial
court did not abuse its discretion in denying Sneed’s motion for continuance. 
          We overrule Sneed’s first issue on appeal. 
          Adequate Time for Discovery
          In his second issue on appeal, Sneed contends that the trial court erred in
granting CryoLife’s no-evidence motion for summary judgment because there had not
been an adequate time for discovery. A party may submit a no-evidence motion for
summary judgment only after an adequate time for discovery has been allowed. See
Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied) (stating that Rule 166a(i) “does not require that discovery
must have been completed, only that there was adequate time”) (citation omitted).
(citing Tex. R. Civ. P. 166a(i))). “In determining whether adequate time for
discovery has passed, we examine: (1) the nature of the case; (2) the nature of
evidence necessary to controvert the no-evidence motion; (3) the length of time the
case was active; (4) the amount of time the no-evidence motion had been on file; (5)
whether the movant had requested stricter deadlines for discovery; (6) the amount of
discovery already [conducted]; and (7) whether the discovery deadlines in place were
specific or vague.” Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex.
App.—San Antonio 2001, pet. denied). 
          Here, Sneed’s suit alleged that CryoLife was grossly negligent or negligent in
providing infected tissue for his allograft. Thus, to defeat CryoLife’s no-evidence
motion for summary judgment, Sneed needed to present more than a scintilla of
evidence showing that the tissue provided by CryoLife proximately caused his
injuries. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003). 
We recognize that discovery in a products liability case may be more challenging than
discovery in other kinds of cases, but we cannot say, based on the record before us,
that 10 months was an unreasonably short amount of time in which to gather more
than a mere scintilla of evidence demonstrating that CryoLife proximately caused
Sneed’s injuries. As noted, Sneed could have sought evidence regarding CryoLife’s
procedures and practices for harvesting tissue, particularly the tissue implanted in his
knee, well before he learned of Dr. Burgert’s existence in late February 2005. Yet
other than generic assertions that he presented CryoLife with requests for production
and interrogatories, the record contains no evidence that Sneed diligently sought this
material information. 
          The fact that CryoLife implicitly sought to shorten the discovery deadline by
filing its motion prior to the end of the discovery period favors Sneed, as does the fact
that the trial court granted CryoLife’s motion before discovery formally expired. See
Rest. Teams, 95 S.W.3d at 341–42. Neither factor, however, is “determinative of the
issue of whether adequate time for discovery had been provided.” Id. at 342. As
noted, Sneed had at least 10 months to conduct discovery before the trial court
granted summary judgment and 21 days notice of the hearing on CryoLife’s motion. 
Moreover, the motion was granted after the deadline to designate experts and only 10
days before the discovery period terminated. Finally, the discovery control order
provided that discovery subsequent to the end of the period could be conducted only
by agreement of the parties. Sneed makes no showing in the record, or in his brief,
that an additional 10 days of discovery would have enabled him to obtain the
evidence requested by Dr. Burgert. Thus, we conclude that the trial court did not
abuse its discretion in granting CryoLife’s no-evidence motion for summary
judgment.
          We overrule Sneed’s second issue on appeal.CONCLUSION
          We affirm the judgment of the trial court. 
          

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.