NO. 07-06-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 18, 2007


 ______________________________



RICHARD L. WILLIAMS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;



NO. 114-2003-03; HONORABLE CYNTHIA KENT, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant, Richard L. Williams, Jr., appeals his conviction and sentence for
possession of marijuana. The clerk's record, which was due no later than November 13,
2006, and the reporter's record, which was due no later than December 7, 2006, have not
been received. On December 4, this court was notified by the district clerk that appellant
had not paid or made arrangements to pay for the record. On December 8, this court was
notified by the court reporter that appellant had neither submitted a request for preparation
of the record nor had paid or made arrangements to pay for the record. This court sent
letters to appellant's retained counsel directing him to certify to the clerk of this court, in
writing, whether he had complied with Texas Rules of Appellate Procedure 34.6(b)(1),
35.3(a)(2), and 35.3(b)(2),(3) on or before January 2, 2007. (1) As of this date, no response
has been received. 

 Because appellant has failed to comply with this court's directives, we now abate
the appeal and remand the cause to the 114th District Court of Smith County. The judge
of said court is ordered to convene a hearing, after notice to appellant and other parties in
interest, to determine the following matters:


 whether appellant desires to prosecute this appeal;
 if appellant desires to prosecute this appeal, whether appellant is
indigent;
 whether appellant is entitled to a clerk's record and reporter's record,
without charge to appellant;
 whether appellant is entitled to appointed counsel;
 whether appellant has been denied the effective assistance of
counsel from the delay encountered in prosecuting this appeal; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal,
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the clerk's and
reporter's records will be promptly filed and that the appeal will be
diligently pursued.


If the court determines that appellant is indigent and has been denied the effective
assistance of counsel, we order it to appoint counsel for appellant.

 We further order the court to cause a supplemental clerk's record to be developed. 
The supplemental clerk's record shall include (1) a transcription of the hearing convened
to determine the issues itemized above, (2) findings of fact and conclusions of law
determining the issues itemized above, and (3) all orders made in accordance with this
opinion. We order the court to cause the supplemental clerk's record to be filed with the
clerk of this court on or before February 19, 2007. 

 If the trial court determines that the present attorney for appellant should be
replaced, the court shall cause the clerk of this court to be furnished the name, address,
and State Bar identification number of the newly-appointed attorney as soon as
practicable.


 Per Curiam



Do not publish. 
1. For purposes of clarity, we identify the later due date for the certification. However,
we note that appellant's counsel was directed to file his certification with reference to the
clerk's record on or before December 28, 2006.



er subparagraph (a) or (b). 
Rather, although the non-moving party is not required to marshal its proof, it must present
evidence that raises a genuine fact issue on the challenged elements. Roth v. FFP
Operating Partners, 994 S.W.2d 190, 195 (Tex.App.-Amarillo 1999, pet. denied); see Tex.
R. Civ. P. 166a, Notes and Comments.

 Because a no-evidence summary judgment is essentially a pretrial directed verdict,
we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is
to ascertain whether the non-movant produced any evidence of probative force to raise a
fact issue on the material questions presented. Id. We consider all the evidence in the
light most favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799,
140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the
non-movant presents more than a scintilla of probative evidence to raise a genuine issue
of material fact. Fiesta Mart, Inc., 979 S.W.2d at 70-71. More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Havner, 953 S.W.2d at 711. 

 Instead of presenting a broad form issue which authorizes argument of all possible
grounds upon which summary judgment should have been denied, see Malooly Brothers,
Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970), Branum presents three issues which we
will consider together. Focusing on the third issue, Branum contends the trial court erred
in granting summary judgment before granting her motion for adoption of level 3 discovery
control plan and ordering expert designation to be conducted in accordance therewith. As
material here, alleging an "adequate time for discovery," and after identifying the elements
of Branum's cause of action, Northwest et al. moved for summary judgment on the ground
there was no evidence of one or more essential elements. Branum did not except to the
motion nor claim it was not adequate to "define the issues and to put" her on notice with
adequate information to oppose the motion, or otherwise proper under Rule 166a(i). See 
Inwood Forest, Etc. v. R.J.S. Development, 630 S.W.2d 751, 753 (Tex.App.--Houston [1st
Dist.] 1982, no writ). More important however, Branum did not produce any summary
judgment evidence, expert or otherwise, to establish the appropriate standard of care, a
breach thereof, or that her injuries were proximately caused by Northwest, et al.

 Branum argues that because Rule 190.4 required the trial court to convert the
discovery to a level 3 discovery control plan, the "adequate time for discovery" provision
of Rule 166a(i) also controlled the level 3 discovery control plan. We disagree. Even if
the trial court was required to convert discovery to level 3, a question we need not decide,
in McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.App.--Amarillo 1999, no pet.), we held
whether an "adequate time for discovery" has been provided is case specific. See
also McMahan v. Greenwood, 108 S.W.3d 467, 498 (Tex.App.-Houston [14th Dist.] 2003,
pet. denied). Branum does not contend she did not have adequate time for discovery;
however, as material to her contention, because the question of adequate time is case
specific, we decline to impose the bright-line rule suggested by Branum. In Restaurant
Teams Intern. v. MG Securities, 95 S.W.3d 336, 339 (Tex.App.--Dallas 2002, no pet.), the
court held:

 Neither rule 166a(i) nor the comment thereto states that the discovery period
applicable to a case by virtue of rule 190 must have ended before a no-evidence summary judgment may be granted. See Tex. R. Civ. P. 166a(i)
& cmt. Instead, the rule merely requires "adequate time" for discovery. Id. 
We will not read such a bright-line requirement into the rule when its
language reflects that a more flexible approach was intended.


Moreover, Branum did not file a sworn motion for continuance as permitted by Rule 252
and did not file an affidavit stating why she needed additional time for discovery, as
required by Rule 166a(g). Jaimes v. Fiesta Mart, Inc., 21 S.W.3d 301, 304 (Tex.App.--Houston [1st Dist.] 1999, pet. denied). We overrule issues one, two, and three.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice




1. Repealed by Act of June 2, 2002, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex.
Sess. Law Serv., current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001 - 74.507
(Vernon Pamph. 2004).