Majority and Dissenting Opinions of June 10, 2008, Withdrawn, Reversed
and Remanded, and Corrected Majority and Dissenting Opinions filed June 17,
2008








Majority
and Dissenting Opinions of June 10, 2008, Withdrawn, Reversed and Remanded, and
Corrected Majority and Dissenting Opinions filed June 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00354-CV

_______________

 

JANINE CHARBONEAU McINNIS, D.V.M., Appellant

 

V.

 

 

MICHAEL MALLIA, J.D., THE MALLIA LAW FIRM, P.C., TOMMY
HASTINGS, J.D., Appellees

                                                             
                                                                                  

On Appeal from the 281stt District
Court 

Harris County, Texas

Trial Court Cause No. 2005-34616

                                                                                                                                               


 

D I S S E N T I N G  O P I N I O N








         A party may file
a no-evidence summary judgment A[a]fter adequate time for discovery.@  Tex. R. Civ. P. 166a(i).  However,
there is no requirement that discovery be completed; the requirement is an
adequate amount of time.  Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d
140, 145 (Tex. App.C Houston [14th Dist.] 2000, pet. denied).  Whether
a nonmovant had adequate time for discovery under rule 166(a)(i) is case
specific, and there is no bright line test to determine whether an adequate
time for discovery has passed.  See Rest. Teams Int=l, Inc. v. MG Sec. Corp., 95 S.W.3d 336, 339 (Tex. App.CDallas 2002, no pet.).  Rather, we
consider a number of factors to determine whether a trial court allowed
adequate time for discovery.  See Specialty Retailers, 29 S.W.3d at 145.


Although
some factors in this case indicate there may have been inadequate time for
discovery, I conclude the trial court acted within its discretion by finding
McInnis had an adequate time for discovery.  Trial courts may presume a
plaintiff investigated his own case prior to filing suit.  See Carter v.
MacFadyen, 93 S.W.3d 307, 311 (Tex. App.CHouston [14th Dist.], pet. denied).  Here,
McInnis filed suit on May 23, 2005, and the lawsuit had been on file for seven
months before the court ruled on the motion for summary judgment.

            A trial court
commits an abuse of discretion only when it acts in an arbitrary or
unreasonable manner or acts without reference to any guiding rules or
principles.  Garcia v. Martinez, 998 S.W.2d 219, 222 (Tex. 1999).  After
reviewing the record, I cannot conclude the trial court acted in either an
arbitrary or unreasonable manner or acted without reference to guiding rules or
principles.  Accordingly, I respectfully dissent.

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Judgment
rendered, Majority Opinion of June 10, 2008, Withdrawn,  and Corrected Majority
Opinion and Dissenting Opinion filed June 17, 2008.

 

Panel consists of Justices Fowler,
Frost, and Seymore. (Frost, J., corrected majority)