**AFFIRMED and Opinion Filed March 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00727-CV**

**ARTHUR ARMIJO, Appellant**
**V.**
**OVP HOSPITALITY, INC., Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-03313-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

Appellant Arthur Armijo appeals from the trial court's grant of appellee OVP Hospitality, Inc.'s no-evidence motion for summary judgment. Because we conclude the trial court did not abuse its discretion in finding that an adequate time for discovery had passed prior to the hearing on the no-evidence motion, we affirm.

## Background

Armijo brought suit against OVP on June 20, 2019, concerning injuries he suffered at Comfort Suites in Plano, Texas, when he slipped on a shampoo bottle in the shower, fell, hit his head, and lost consciousness. While unconscious, hot water

from the shower ran over his body. He sustained third-degree burns along the left side of his body and suffered septic shock. Armijo underwent extensive medical treatment, including skin graft surgery.

In his suit against OVP, Armijo asserted claims of negligence, gross negligence, negligence per se, and premises liability regarding the installation and maintenance of the hot water heater and OVP's failure to warn of the extreme temperature of the hot water in the shower. He alleged that OVP owned, managed, or operated Comfort Suites.

OVP filed a no-evidence motion for summary judgment on June 2, 2020, one month before the close of discovery. OVP argued that Armijo's negligence claims were subsumed by his premises liability claim and there was no evidence a condition posed an unreasonable risk of harm, OVP knew or reasonably should have known of the dangerous condition before the incident occurred, OVP breached its duty of ordinary care, or any breach proximately caused Armijo's injury. As to Armijo's gross negligence claim, OVP argued there was no evidence to show that OVP's actions or omissions demonstrated a conscious indifference to the rights, safety, or welfare of others, or involved an extreme degree of risk. OVP also filed a motion to strike Armijo's liability experts.

Armijo responded that OVP's actions denied him the opportunity to conduct adequate discovery. Specifically, he asserted he did not learn the identifies of four individuals who were working at Comfort Suites on the day of the incident until

approximately ten months after he filed suit, and he had been unable to take their depositions because OVP had not provided available dates. He further contended that OVP did not produce a legible copy of an invoice for the hot water heaters, which contained new persons with relevant knowledge of the system and other new information, until June 23, 2020, less than two weeks before the close of discovery. Armijo also sought a 120-day continuance of trial.

After a July 6 hearing, the trial court orally granted Armijo's motion for a trial continuance but denied his request to extend discovery. The trial court then advised the parties that the scheduling order would be amended only if the parties agreed. The parties did not agree. Thereafter, on July 10, 2020, the trial court granted OVP's no-evidence motion for summary judgment and OVP's motion to strike Armijo's experts.

Armijo filed a notice of appeal from the trial court's July 10 orders granting OVP's motion to strike and no-evidence motion for summary judgment. However, in his brief on appeal, Armijo challenges only the trial court's order granting summary judgment in favor of OVP on the basis that he was denied an adequate time for discovery.

**Adequate Time for Discovery**

"After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse

party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). To determine whether an "adequate time for discovery" has passed, we look to the nature of the case, the nature of the evidence necessary to controvert the no-evidence motion, the length of time the case was active, the amount of time the motion was on file, whether the movant requested stricter deadlines for discovery, the amount of discovery conducted, and whether the discovery deadlines were specific or vague. *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

"A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary." TEX. R. CIV. P. 166(a) cmt. 1997. Ordinarily, a no-evidence motion "would be permitted after the period but not before." *Id.* However, there is not a bright-line requirement that the discovery period be completed before a no-evidence motion can be filed; the determination is case specific. *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2006, no pet.).

We review a trial court's determination that there has been an adequate time for discovery under an abuse of discretion standard. *Rest. Teams*, 95 S.W.3d at 339. A trial court abuses its discretion when it acts arbitrarily or without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"When a party contends that he has not had an adequate opportunity for discovery before the consideration of a no-evidence summary judgment, he 'must file either an affidavit explaining the need for further discovery or a verified motion for continuance.'" *Killingsworth v. Hous. Auth. of City of Dallas*, 447 S.W.3d 480, 495 (Tex. App.—Dallas 2014, pet. denied) (quoting *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)); *see also* TEX. R. CIV. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.").

Armijo attached to his response a sworn affidavit from his attorney stating the need for further discovery. His attorney claimed Armijo had not had the opportunity to conduct adequate discovery as to OVP's actions and knowledge with regard to Armijo's premises liability claims and specifically sought to conduct the "previously-requested depositions of OVP's employees present on the day in question and OVP's corporate representative." In the response itself, Armijo claimed that the depositions had not occurred because OVP had provided only one date for its corporate representative—a date on which Armijo's attorney was unavailable—and had not provided any available dates for the four employees who were present at the hotel on the date of the incident. Armijo also argued that OVP

did not produce a legible copy of an invoice for the hot water heaters, which contained new persons with relevant knowledge of the system and other new information, until June 23, 2020. However, Armijo's attorney did not detail this information in his sworn affidavit or detail what evidence he believed these witnesses might provide or how such evidence would be material to the case.

On appeal, OVP argues that Armijo failed to diligently pursue discovery and failed to explain how the supplementation of any purportedly deficient discovery responses could create a fact issue. We agree. OVP also notes that Armijo never filed a motion to compel and that, in granting summary judgment in favor of OVP, the trial court explained:

> [Armijo] did not seek the Court's assistance to acquire any additional discovery before the discovery deadline expired, and further, [Armijo] failed to explain how any additional discovery would relate to any challenged element of [Armijo]'s claims, such that the record does not support the granting of a continuance.

Armijo responds that he did not file a motion to compel because OVP misled him into thinking a legible copy of the invoice was not available when OVP's counsel previously represented to him that a darker copy of the invoice could not be provided. He contends that, while the contact information may have been legible on the invoice, he had no way of knowing that it was a relevant invoice regarding the installation of the commercial water heaters. When he received the legible invoice, he learned for the first time the type of water heaters installed, who installed them, when they were installed, the names of the technicians, and the work performed

along with installation. The late disclosure—approximately one week before his response was due and two weeks before the summary judgment hearing—prevented him from seeking information from the plumbing company and its employees regarding the work they performed and their recommendations to OVP concerning the maintenance and proper use of the hot water system. However, as discussed above, this information was not set forth in the affidavit presented to the trial court in response to the no-evidence motion. The trial court declined Armijo's request at the hearing for leave to file a supplemental response detailing why the sought-after discovery was important. !

Additionally, although OVP filed its motion one month before the discovery period ended, the trial court did not conduct a hearing on the motion or rule on the motion until after the discovery period concluded. *See Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 257 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("The pertinent date for determining whether a no-evidence motion was made prematurely is not the date on which the motion was filed but the final date on which the motion was presented to the trial court for ruling."). And, while Armijo's claims may be dependent on the testimony of experts and OVP employees to prove that the hot water in the shower was an unreasonable risk of harm of which OVP knew or reasonably should have known, Armijo had the burden to diligently pursue discovery during the pendency of the case and failed to do so. *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) ("the failure of a litigant to diligently utilize

the rules of procedure for discovery purposes will not authorize the granting of a continuance"); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 843 (Tex. App.—Dallas 2008, no pet.) (relying on *Wood Oil* and concluding nonmovant failed to describe efforts to obtain discovery or explain why discovery could not be conducted in the six-month period before the no-evidence motions for summary judgment were filed), *abrogated on other grounds by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 548 (Tex. 2016). Here, Armijo did not show that he diligently pursued discovery while the case was pending for over a year or that he sought any further discovery during the month in which the no-evidence motion was on file. Nor did Armijo file a motion to compel OVP to make its representative or employees available for deposition.

Moreover, the discovery deadlines were not vague; the discovery period ended on July 3, 2020. And, according to OVP at the hearing, it was Armijo who requested the specific trial date and date for the close of discovery, after initially seeking an even earlier trial date. Armijo did not dispute that he requested and agreed to those dates. Although we are mindful of the hardships that Covid-19 has placed on the community, including the trial bar, over the past two years, Armijo has not argued or urged that Covid-19 prevented him from setting depositions or conducting further discovery. Considering Armijo requested the initial trial setting and accompanying discovery deadline, he could not have been surprised that the deadline was approaching and that he had not taken any depositions.

The record does not support Armijo's contention that an adequate time for discovery had not passed. Given a trial court's broad discretion in matters of discovery, we cannot conclude that the trial court acted arbitrarily, unreasonably, and without regard to any guiding principles by finding that an adequate time for discovery had passed and granting OVP's no-evidence motion for summary judgment. We overrule Armijo's sole issue.

## Conclusion

We affirm the trial court's no-evidence summary judgment in favor of OVP.

/Craig Smith/
CRAIG SMITH
JUSTICE

200727F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ARTHUR ARMIJO, Appellant

No. 05-20-00727-CV V.

OVP HOSPITALITY, INC., Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-03313-2019.
Opinion delivered by Justice Smith. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee OVP HOSPITALITY, INC. recover its costs of this appeal from appellant ARTHUR ARMIJO.

Judgment entered this 10th day of March 2022.