**Affirmed and Opinion Filed April 19, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00037-CV

**AEROTEK, INC., Appellant**
**V.**
**JOSEPHSON DUNLAP, LLP, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06195**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Appellant Aerotek, Inc. appeals from an order granting appellee Josephson Dunlap, LLP's traditional and no-evidence motion for summary judgment and denying Aerotek's countermotion for partial traditional summary judgment. Aerotek brings one issue. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

This lawsuit was brought by plaintiff/appellant Aerotek, Inc. (Aerotek), a staffing company, against defendant/appellee Josephson Dunlap, LLP (Dunlap), a Houston-based law firm specializing in employment litigation, alleging defamation-by-implication in two items it posed on the website LinkedIn.com. On October 19,

2020, Dunlap filed a combined motion seeking no-evidence and traditional summary judgment on Aerotek's defamation claim.

The following month, on November 18, Aerotek filed a document that contained both a response to Dunlap's no-evidence summary judgment motion and a countermotion for partial traditional summary judgment for Aerotek on liability. Aerotek's response to Dunlap's no-evidence motion for summary judgment asserted it was premature because the parties had not conducted any discovery. Dunlap filed a reply to Aerotek's response to Dunlap's motion and a response to Aerotek's countermotion. Aerotek then filed a reply to the defendant's response to Aerotek's countermotion.

On December 9, 2020, the trial court held a hearing on the motions. Five days later, on December 14, the trial court granted Dunlap's motion and denied Aerotek's countermotion. The trial court's order does not specify the type of summary judgment granted in favor of Dunlap. Final judgment was signed on December 23, 2020, and this appeal followed.

## DISCUSSION

In its only issue, Aerotek argues it was entitled to judgment as a matter of law on the issue of Dunlap's liability for defamation, and that Dunlap was not entitled to judgment as a matter of law on Aerotek's defamation claim.

When, as in this case, "a party moves for summary judgment on both traditional and no-evidence grounds . . . we first address the no-evidence grounds."

–2–

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If the challenge to the no-evidence summary judgment motion fails, we need not consider the traditional motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Turning to Dunlap's no-evidence summary judgment motion, we begin by noting that Dunlap's traditional and no-evidence summary judgment motion alleged it was entitled to no-evidence summary judgment because Aerotek "has no evidence to support multiple elements of its defamation claim," i.e., no evidence (1) the "[d]efendant published a false statement/implication;" (2) "any such statement/implication defamed Aerotek;" (3) the "[d]efendant was at least negligent in publishing such statement/implication;" (4) "such statement/implication damaged Aerotek's reputation;" or (5) "such statement/implication caused Aerotek to suffer special damages."

But Aerotek's only complaint in the trial court regarding the no-evidence summary judgment motion was that the no-evidence motion was premature because the parties had not conducted any discovery. Aerotek did not raise or reference the evidence from its countermotion in its response to the no-evidence motion. Aerotek also did not address the merits of its claim; did not cite to any evidence or explain how any evidence satisfied each challenged element of its claim; and it did not incorporate by reference its countermotion for partial traditional summary judgment into its response to the no-evidence summary judgment.

Regarding that last point, it is well-settled that unless the non-movant

–3–

expressly cites, relies on, or otherwise incorporates the one motion into the other, courts do not "look at the traditional summary judgment evidence to see if it defeats the movant's right to no-evidence summary judgment when the rules of procedure place the burden on the nonmovant to produce evidence." *Dyer v. Accred. Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, *4–5 (Tex. App.—Ft. Worth Feb. 2, 2012, pet. denied); *see Perkins v. Walker*, No. 14-17-00579-CV, 2018 WL 3543525, *4 (Tex. App.—Houston [14th Dist.] July 24, 2018, no pet.) (mem. op.) ("In reviewing the propriety of summary judgment on no-evidence grounds, we ignore evidence attached to a combined summary judgment motion and offered in support of traditional summary judgment, unless the non-movant directs the trial court to that evidence in her response to the movant's no-evidence motion."); *De La Cruz v. Kailer*, 526 S.W.3d 588, 595–96 (Tex. App.—Dallas 2017, pet. denied) ("[I]n responding to a no-evidence motion for summary judgment, one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that the above evidence conclusively establishes each element of the plaintiff's claims."). In addition, the trial court was not required to search the record for evidence to support Aerotek's claim; instead, Aerotek was obligated to point out with specificity where in its filings there was evidence on each of the challenged elements of its claim. *De La Cruz*, 526 S.W.3d at 595.

A party appealing the grant of no-evidence summary judgment is limited to

(1) raising the arguments it properly raised in the trial court or (2) challenging the legal sufficiency of appellees' no-evidence motion. *See White v. Calvache*, No. 05-17-00127-CV, 2018 WL 525684, \*5 n.9, \*6 n.12 (Tex. App.—Dallas Jan. 24, 2018, no pet.) (mem. op.) (refusing to consider arguments other than legally sufficiency of appellees' no-evidence summary judgment motion for the first time on appeal); *Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.) ("Any issues, except legal sufficiency, not expressly presented by the non-movants to the trial court in a written response may not be considered as grounds for reversal on appeal."); *see also Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 287–88 (Tex. App.—Dallas 2013, pet. denied) (en banc); *Macina, Bose, Copeland & Assocs. v. Yanez*, No. 05–17–00180–CV, 2017 WL 4837691, at \*5 & n.2 (Tex. App.—Dallas Oct. 26, 2017, no pet.) (mem. op.) (citing *Jose Fuentes*).

Insofar as the legal sufficiency of a no-evidence summary judgment motion is concerned, "[a] motion for a no-evidence summary judgment must specifically 'state the elements as to which there is no evidence;' there may be no 'conclusory motions or general no-evidence challenges to an opponent's case.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (quoting TEX. R. CIV. P. 166a(i) & 1997 cmt.); *see also Brown v. Tarbert, LLC*, 616 S.W.3d 159, 166–67 (Tex. App.—Houston [14 Dist.] pet. denied). "A motion for no-evidence summary judgment that does not specify the

element or elements that are being challenged does not provide *any ground* upon which the trial court can grant summary judgment." *Jose Fuentes Co.*, 418 S.W.3d at 288.

Aerotek, however, does not challenge the legal sufficiency of Dunlap's motion. *E.g.*, *Brown*, 616 S.W.3d at 167; *Jose Fuentes Co.*, 418 S.W.3d at 288. Nor does Aerotek contend no-evidence summary judgment was premature because there had not been time for adequate discovery. *See Dobrushkin v. Davenport Meadows, LP*, No. 05-12-01285-CV, 2013 WL 5948023, at *1 (Tex. App.—Dallas Nov. 5, 2013, no pet.) (mem. op.) (rejecting argument that trial court granted no-evidence summary judgment before there was adequate time for discovery, holding appellant did not file affidavit explaining need for further discovery or verified motion for continuance); *Restaurant Teams Int'l, Inc. v. MG Securities Corp.*, 95 S.W.3d 336, 342 (Tex. App.—Dallas 2013, no pet.) ("[W]e conclude the trial court did not abuse its discretion by granting the no-evidence motion for summary judgment before the end of the discovery period."). In fact, the "Argument" section of Aerotek's appellate brief is twenty pages long but includes only one sentence mentioning the no-evidence summary judgment, and it reads as follows: "Josephson Dunlap not only failed to conclusively disprove any required element of Aerotek's defamation claim, but also failed to establish that Aerotek had 'no evidence' to support any element applicable in this case." Even if we construe this as a legal sufficiency challenge, Dunlap's motion plainly identifies and/or challenges the elements for

which Aerotek allegedly has no evidence. *E.g.*, *Brown*, 616 S.W.3d at 167; *Jose Fuentes Co.*, 418 S.W.3d at 288.

It was Aerotek's burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its claim, not Dunlap's. *See* TEX. R. CIV. P. 166a(i); *Galvez v. Tornado Bus Co.*, No. 05-13-00993-CV, 2015 WL 1730175, *3 (Tex. App.—Dallas Apr. 15, 2015, pet. denied) (mem, op.) (nonmovant in no-evidence summary judgment "has the burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its cause of action."). Also, no supporting evidence in the record is cited in Aerotek's brief and there is no supporting explanation or argument. *See, e.g., In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) ("When a party fails to adequately brief a complaint he waives the issue on appeal.").

Accordingly, we conclude the trial court did not err in granting no-evidence summary judgment for Dunlap. Because the summary judgment can be affirmed on no-evidence grounds, we need not address Dunlap's traditional summary judgment motion. We overrule Aerotek's issue and affirm the trial court's judgment.

210037f.p05

/Lana Myers//
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AEROTEK, INC., Appellant

No. 05-21-00037-CV       V.

JOSEPHSON DUNLAP, LLP,
Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-06195.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial

court is **AFFIRMED**. It is **ORDERED** that appellee JOSEPHSON DUNLAP, LLP,

recover its costs of this appeal from appellant AEROTEK, INC.

Judgment entered this 19th day of April, 2022.