**Opinion issued July 10, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00384-CV**

———————————

**REGINALD L. GILFORD, SR., Appellant**

**V.**

**TEXAS FIRST BANK, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12-CV-0142**

---

**MEMORANDUM OPINION**

Reginald L. Gilford, Sr. sued Texas First Bank ("Texas First") for breach of contract, arising out of Texas First's decision to decline payment due to insufficient funds on a check Gilford had written. Texas First moved for both no-

evidence and traditional summary judgment, arguing that it provided overdraft protection to its account holders only as a "non-contractual courtesy" and thus no valid contract for overdraft protection existed between it and Gilford. The trial court granted both motions for summary judgment and dismissed Gilford's suit. In four issues, Gilford contends that the trial court erroneously ruled (1) on Texas First's summary judgment motions without having all of the evidence that he had submitted before it; (2) on Texas First's traditional motion for summary judgment without hearing arguments or considering evidence specific to that motion; (3) on Texas First's summary judgment motions without first granting Gilford's motion for continuance; and (4) on Texas First's no-evidence summary judgment motion before the discovery period had ended.

We affirm.

## Background

In 2006, Gilford opened a checking account at Texas First. On December 28, 2007, Gilford, who was running for Galveston County Commissioner's Court, wrote a check for $1,250 to cover his filing fee for the race. Texas First subsequently declined to pay the check due to insufficient funds in Gilford's account. Due to his failure to timely pay the filing fee, Gilford was ultimately removed from the ballot.

2

Gilford later sued Texas First for breach of contract, alleging that, with overdraft protection, he should have had sufficient funds in his account to cover the amount of the check and that Texas First breached its contractual obligation to provide him with overdraft protection. The trial court's docket control order set the end of the discovery period at December 7, 2012.

On December 4, 2012, Texas First moved for both no-evidence and traditional summary judgment. In its no-evidence motion, Texas First stated: "In the present case, there is no evidence of a valid contract between Plaintiff and Defendant. As a result, there is no contract for Defendant to have breached, and there is no evidence of an essential element of Plaintiff's claim." Texas First expanded upon this argument in its traditional motion. Specifically, Texas First argued that the "Texas First Bank Overdraft Privilege Disclosure," which it attached as summary judgment evidence, established that Texas First agreed to provide overdraft protection to its account holders solely as a "non-contractual courtesy." This document emphasized that Texas First retained the discretion to refuse to pay an insufficient item for its account holders "at any time, even though we may have previously paid insufficient items resulting in your account becoming overdrawn." Texas First also attached as summary judgment evidence a document setting out the terms and conditions of deposit accounts with the bank which stated, "The fact that we may honor withdrawal requests which overdraw the

3

finally collected account balance does not obligate us to do so, unless required by law." Texas First thus argued that Gilford could not establish that it had a contractual obligation to provide overdraft protection and pay his $1,250 check when his account had insufficient funds.[1]

Gilford filed separate responses to Texas First's two summary judgment motions. Gilford argued that, as an account holder with Texas First, the parties had a contractual relationship whereby Texas First agreed to provide overdraft protection. He argued that this particular instance was the only occasion on which Texas First had ever denied him overdraft protection. Gilford acknowledged that the "Overdraft Privilege Disclosure" stated that overdraft protection was a "non-contractual courtesy," but he argued that this statement had to be read in the context of the parties' contractual relationship, and because "every document given for a bank account is the whole contract," it was not logical for the overdraft protection to be called "non-contractual." He also argued that Texas First violated a bank policy to clear checks before pre-authorized transactions, and that, if it had followed that policy in this case, his $1,250 check would have cleared without overdrawing his account. As summary judgment evidence, Gilford attached account documents, including the "Overdraft Privilege Disclosure" and the account

---

[1] Texas First also argued that Gilford's claim was barred by limitations. Gilford argued otherwise in his response. He does not challenge this potential basis for summary judgment on appeal.

terms and conditions that Texas First had attached to its traditional summary judgment motion, bank records, and printouts of articles concerning the case. Gilford did not file an affidavit setting out the facts of the case; thus, the only evidence of the factual background of the case is the unsworn allegations in Gilford's petition and summary judgment responses.

On January 29, 2013, the day before the summary judgment hearing, Gilford, who was acting pro se, filed an unverified motion for continuance. In this motion, he stated that he was requesting a continuance because he was unsure of how the seven-day summary judgment response deadline was calculated. He did not attach an affidavit to this motion, and he did not, at any point before the trial court ruled on Texas First's summary judgment motions, argue that an inadequate time for discovery had elapsed and that he needed time to conduct further discovery.

At the summary judgment hearing on January 30, 2013, the trial court heard arguments from both Gilford and Texas First on whether Texas First had a contractual obligation to provide overdraft protection to Gilford. The trial court, agreeing with Texas First that the bank had no contractual obligation to provide such protection, granted both of Texas First's motions for summary judgment and dismissed Gilford's breach of contract claim. Gilford filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## Summary Judgment

### A. Standard of Review

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Flameout Design & Fabrication*, 994 S.W.2d at 834; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) ("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995))). To determine if the nonmovant raises a fact issue, we review the evidence in the light

6

most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)).

When, as here, the trial court's summary judgment order does not state the basis for the court's decision, we must uphold the judgment if any of the theories

advanced in the summary judgment motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## B. Ruling Without Complete Record

In his first issue, Gilford contends that the trial court erroneously ruled on Texas First's summary judgment motions because Gilford had filed three documents that should have been before the trial court. Gilford argues that the trial court did not have (1) his motion for continuance, (2) his "Objection to [Texas First's] Responses to Written Discovery," and (3) his response to Texas First's no-evidence summary judgment motion.

The trial court was not required to rule on Gilford's motion for continuance before it ruled on Texas First's summary judgment motions. *See, e.g.*, *West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding that when trial court grants motion for summary judgment, it implicitly overrules nonmovant's motion for continuance). Furthermore, although Gilford states that he filed an "Objection to [Texas First's] Responses to Written Discovery," no such document appears in the clerk's record for this case. It is Gilford's burden, as the appellant, to bring forward a record demonstrating reversible error.[2] *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)

---

[2] Gilford attaches a document entitled "Plaintiff's Objection to Defendant's Responses to Written Discovery" to his appellate brief. We may not, however, consider documents contained in an appendix to an appellate brief that are not part

8

(per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court.").

To the extent Gilford complains that the trial court either did not have his response to Texas First's no-evidence summary judgment motion before it or ignored the evidence presented in response, we analyze whether Gilford presented evidence raising a fact issue on the elements challenged in the no-evidence motion.

The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Id.* (quoting *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). The elements of a valid contract are:

---

of the official appellate record of a case. *See Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet. h.); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We cannot consider documents attached to an appellate brief that do not appear in the record.").

(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In both of its summary judgment motions, Texas First contended that it had established, as a matter of law, that Gilford could not recover on his breach of contract claim because, although Gilford was an account holder at Texas First, Texas First had specifically stated in the account documents that it provided overdraft protection to its account holders only as a non-contractual courtesy. Texas First attached a document entitled "Texas First Bank Overdraft Privilege Disclosure" as evidence to its traditional summary judgment motion. This document stated:

> Overdraft Privilege is provided as a customer service on consumer checking accounts to pay inadvertent insufficient items that may be presented against your account, which when paid, will result in an overdraft. This service is provided as a *non-contractual courtesy* and we reserve the right to limit this service to one account per household.

(Emphasis added.) The document also included a section titled "CIRCUMSTANCES UNDER WHICH WE WILL NOT PAY AN OVERDRAFT." In this section, the document provided, "We may refuse to pay an insufficient item for you at any time, even though we may have previously paid insufficient items resulting in your account being overdrawn." The document then

10

stated that Texas First would not pay insufficient items if the account was not in good standing and listed three examples of this, such as when the account holder does not make regular deposits. Texas First also attached a copy of a document entitled "Your Deposit Account Terms and Guidelines" as summary judgment evidence. This document stated, "The fact that we may honor withdrawal requests which overdraw the finally collected account balance does not obligate us to do so, unless required by law."

Gilford presented evidence in response to Texas First's summary judgment motions, but none of that evidence raised a fact issue on whether Texas First had contractually obligated itself to provide overdraft protection to Gilford on every occasion. Gilford instead relied on the same account documents that Texas First had attached as evidence to its traditional summary judgment motion, all of which indicated that overdraft protection was a courtesy that Texas First provided to its account holders and that it could refuse to provide on a particular occasion in its discretion.

At the summary judgment hearing, after the trial court indicated that it did not have a copy of Gilford's response before it, the court asked Gilford whether he could point to any evidence indicating that Texas First had a contractual obligation to provide overdraft protection in every instance. Gilford pointed to the account documents, which the trial court reviewed at the hearing. The trial court then

11

stated that the account documents provide only that overdraft protection is a privilege that Texas First is not contractually required to provide on every occasion and granted Texas First's summary judgment motions.

We agree with the trial court that Gilford's summary judgment evidence did not raise a fact issue on whether Texas First had a contractual obligation to provide overdraft protection to Gilford. We therefore hold that the trial court correctly granted summary judgment on Gilford's breach of contract claim in favor of Texas First Bank.

We overrule Gilford's first issue.[3]

## C. Ruling Without Hearing Arguments on Traditional Motion

In his second issue, Gilford contends that the trial court erred in ruling on Texas First's traditional motion for summary judgment without reviewing or hearing arguments pertinent to that specific motion.

As Texas First points out, Rule 166a(c) does not require the trial court to hold an oral hearing on a summary judgment motion. *See* TEX. R. CIV. P. 166a(c);

---

[3] Gilford also argues in this issue that Texas First breached its own policy by clearing Gilford's pre-authorized transactions first before the check that he had written when the Overdraft Privilege Disclosure information sheet, in a section entitled "Categories of transactions for which a fee for paying an overdraft may be imposed," lists checks first, in person withdrawals second, and then other transactions, including pre-authorized transactions. As Texas First pointed out at the summary judgment hearing, this document merely states the categories of transactions for which Texas First may impose a fee if completing the transaction causes an overdraft. The language of this particular document does not obligate Texas First, for example, to clear checks drawn on an account before it clears pre-authorized transactions.

12

*Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam) (stating that unless express language or context of particular rule requires, "hearing" does not necessarily contemplate oral presentation to trial court). Although an oral hearing on a summary judgment motion may be helpful to the trial court, because oral testimony "cannot be adduced in support of or opposition to a motion for summary judgment," the trial court is not required to hold an oral hearing. *Martin*, 989 S.W.2d at 359; *In re Estate of Valdez*, 406 S.W.3d 228, 232 (Tex. App.—San Antonio 2013, pet. denied) ("The trial court may rule on a motion for summary judgment based solely on written submissions."). Instead, Rule 166a(c) requires notice of the submission date of a summary judgment motion, as the submission date determines the time for responding to the motion. *Martin*, 989 S.W.2d at 359; *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.).

Gilford does not complain that he did not receive the notice required by Rule 166a(c); instead, he complains that the trial court granted Texas First's traditional motion for summary judgment without hearing arguments on that specific motion at the summary judgment hearing. The trial court was not required to hold an oral hearing on Texas First's traditional summary judgment motion. *See Martin*, 989 S.W.2d at 359; *In re Estate of Valdez*, 406 S.W.3d at 232. Furthermore, although Texas First's traditional motion raised an additional statute of limitations

13

argument, both its no-evidence and traditional summary judgment motions raised the same basic argument for why summary judgment should be granted: Gilford could not establish that Texas First had contractually obligated itself to provide overdraft protection to its account holders on every occasion.[4] The reporter's record from the summary judgment hearing reflects that the trial court heard arguments on this particular issue from both parties and that, when the court indicated it did not have Gilford's response before it, it then reviewed the pertinent evidence at the hearing.

We conclude that the trial court appropriately ruled on Texas First's traditional motion for summary judgment.

We overrule Gilford's second issue.

### D. Failure to Rule on Motion for Continuance

In his third issue, Gilford contends that the trial court erred in ruling on Texas First's summary judgment motions without "observing" his motion for continuance.

---

[4] Gilford accurately points out that he filed different responses to Texas First's no-evidence and traditional summary judgment motions, and he argues that, in ruling on Texas First's summary judgment motions, the trial court assumed that "Gilford's Traditional Motion to Deny was one in the same as the No-Evidence." The fact that Gilford filed different responses to Texas First's motions does not affect the fact that Texas First raised the same basic argument in its motions—an argument that, if accepted by the trial court, justified granting summary judgment on Gilford's breach of contract claim in favor of Texas First—and that this argument was fully presented to the trial court at the summary judgment hearing. Gilford had a chance to present evidence on why the trial court should not grant summary judgment on this basis.

14

When a trial court grants a motion for summary judgment, it implicitly overrules a motion for continuance filed by the nonmovant. *See West*, 318 S.W.3d at 436; *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.). We review a trial court's ruling denying a motion for continuance for an abuse of discretion. *Williams*, 15 S.W.3d at 115; *see also Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (stating same). Generally, it is not an abuse of discretion for a trial court to deny a motion for continuance if the moving party has received the 21-days' notice required by Rule 166a(c). *Carter*, 93 S.W.3d at 310. A party who seeks more time to oppose a summary judgment must file an affidavit describing the evidence sought, explaining its materiality, and showing the due diligence used to obtain the evidence. *Id.*; *see also* TEX. R. CIV. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). "The affidavit must show why the continuance is necessary; conclusory allegations are not sufficient." *Carter*, 93 S.W.3d at 310.

Here, Gilford does not argue that he needed a continuance because he did not receive the notice required by Rule 166a(c). Although he argues on appeal that

15

he needed to obtain "factual information" from two employees of Texas First as well as "new evidence concerning Texas First Bank's policy which they violated," he did not raise the necessity of conducting further discovery in his motion for continuance. Instead, his unverified motion for continuance simply stated:

> (1) good cause
>
> Under the seven (7) day requirement for summary judgment response by non movant, I am requesting continuance of my summary judgment evidence since I am uncertain of how the seven (7) days are counted, I am filing this motion as a necessary part of this cause.
>
> (2) unfair prejudice
>
> Leave from Court will not unfairly prejudice the other party as the record will show.
>
> Carpenter v. Cimarron Hydrocarbons Corp. 98 S.W.3d at 687; Wheeler v. Green
>
> Parties may amend their pleadings within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under rule 166, only after obtaining leave from the court, which shall be granted, unless there is a showing that such filing will operate as a surprise to the opposite party. Tex. R. Civ. P. 63.

Gilford did not support his motion for continuance with an affidavit that described the evidence sought, explained its materiality, and showed the due diligence used to obtain the evidence. *See Carter*, 93 S.W.3d at 310. Gilford thus presented only conclusory allegations for why a continuance was necessary. *See id.*

We conclude that the trial court did not abuse its discretion in implicitly overruling Gilford's motion for continuance when it granted summary judgment in favor of Texas First. *See West*, 318 S.W.3d at 436; *Carter*, 93 S.W.3d at 310.

16

We overrule Gilford's third issue.

## E. Ruling Before End of Discovery Period

Finally, in his fourth issue, Gilford contends that because the trial court ruled on Texas First's no-evidence summary judgment motion before nine months from the first due date of written discovery responses had expired, an adequate time for discovery had not passed, and the trial court erred in ruling on the no-evidence motion.

Rule 166a(i) provides that a party may move for no-evidence summary judgment on a claim or defense on which the adverse party bears the burden of proof "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Rule 166a(i) does not require the discovery period to have ended before the trial court may grant no-evidence summary judgment. *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("The rule does not require that discovery must have been completed, only that there was 'adequate time.'"). Instead, whether a nonmovant has had adequate time for discovery is a

case-specific determination. *Rest. Teams Int'l*, 95 S.W.3d at 339. To determine whether an adequate time for discovery has passed, we consider such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Id.* We review a trial court's ruling that there has been an adequate time for discovery for an abuse of discretion. *Id.*

Gilford argues that because this was a Level 2 discovery case, an adequate time for discovery was nine months after the date the answers to the first written discovery requests were due, which, here, was June 20, 2012. Texas First filed its summary judgment motions on December 4, 2012, or a little over five months after the first due date for written discovery. Gilford contends that this was not an adequate time for discovery.

Gilford, however, did not raise this argument before the trial court ruled on Texas First's summary judgment motions. He did not file an affidavit explaining the need for further discovery, nor did he file a verified motion for continuance. *See Tenneco Inc.*, 925 S.W.2d at 647 (holding that when party contends that it did not have adequate time for discovery before summary judgment hearing, he must

18

file either affidavit explaining need for further discovery or verified motion for continuance). Simply because Texas First filed its summary judgment motions before the discovery period ended does not mean that the parties did not have an adequate opportunity to conduct discovery. *See Rest. Teams Int'l*, 95 S.W.3d at 339; *Specialty Retailers, Inc.*, 29 S.W.3d at 145. Gilford also has not, at any point, addressed the factors that courts consider when determining whether an adequate time for discovery has passed in a specific case. *See Rest. Teams Int'l*, 95 S.W.3d at 339. Gilford does not contend that the time the case was pending in the trial court was insufficient for discovery to be completed. He does not address the nature of the case or the nature of the evidence needed to controvert Texas First's no-evidence summary judgment motion. He does not set out the amount of discovery that had already taken place, the additional discovery that needed to take place, or why he could not obtain the needed discovery before the submission of the summary judgment motions. *See Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004, pet. denied) (considering, in affirming denial of motion for continuance, appellant's failure to move for enlargement of discovery period until several weeks after no-evidence motion was filed and failure to explain what further discovery he needed).

We hold that Gilford has failed to demonstrate that the trial court abused its discretion in implicitly determining, when it ruled on Texas First's no-evidence

summary judgment motion, that an adequate time for discovery had passed. *See Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.) ("[A]ppellant has made no effort to discuss any of the relevant factors. She does not state how much time she had for discovery, what discovery was completed, what further discovery was needed or otherwise argue why the time was not adequate. We will not make appellant's arguments for her."); *see also Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (considering fact that appellant "made no effort to specify the additional evidence she needed to respond to the motion, or the reason she could not obtain it during the discovery period" when determining appellant had adequate time for discovery).

We overrule Gilford's fourth issue.[5]

---

[5]     Gilford also argues in this issue that Texas First's no-evidence summary judgment motion is conclusory and merely states a general no-evidence challenge. Texas First's no-evidence motion states: "In the present case, there is no evidence of a valid contract between Plaintiff and Defendant. As a result, there is no contract for Defendant to have breached, and there is no evidence of an essential element of Plaintiff's claim." This statement is sufficient to set out the element of Gilford's claim that Texas First contends that no evidence exists to support. *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). Even if, however, this was not sufficient, Texas First also moved for traditional summary judgment, and the trial court granted that motion as well.

## Conclusion

We affirm the judgment of the trial court.

                                        Evelyn V. Keyes
                                        Justice

Panel consists of Justices Keyes, Sharp, and Huddle.