**AFFIRMED and Opinion Filed May 16, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-01276-CV**
_____

**KROGER SPECIALTY INFUSION CA, LLC, Appellant**
**V.**
**MARNI TAZAMISHA STURNS AND BIOPLUS SPECIALTY PHARMACY SERVICES LLC, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10498**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Garcia
Opinion by Justice Garcia

This appeal arises from the trial court's entry of a no evidence summary judgment in favor of Bioplus Specialty Pharmacy Services, LLC ("Bioplus") and Marni Tazamisha Sturns ("Sturns") on Kroger Specialty Infusion CA, LLC's ("Kroger's") claims for misappropriation of trade secrets, tortious interference, and breach of contract. As expressed in several issues, Kroger argues the trial court erred in granting summary judgment on all of its claims. As discussed below, we affirm the trial court's judgment.

# I. BACKGROUND

Kroger is a clinical pharmacy dedicated to serving patients with chronic illnesses requiring complex care. Kroger serves its patients by offering comprehensive therapy management programs as well as injectable and oral pharmaceutical treatments for a wide variety of chronic illnesses and conditions.

Sturns began working for Kroger as a special accounts manager in the immunoglobin department in April 2015 and signed a noncompete agreement (the "Agreement") in connection with her employment. The Agreement had a one-year term and covered a defined geographic area (the "Restricted Area") that included Sturns's sales territory and any state adjacent to that territory. The Agreement restricts Sturns from, among other things: (a) working for a competitor for one year after termination in the Restricted Area (as defined in the Agreement); (b) soliciting customers, referral sources, and patients in the Restricted Area (as defined in the Agreement); and (c) using Kroger's confidential information to compete unfairly.

In March 2021, Sturns left Kroger of her own accord and began working as a sales representative for Bioplus. Kroger believed that Sturns was violating the Agreement and initiated the underlying lawsuit against Sturns and Bioplus.

Kroger's Original Petition and Application for Injunctive relief asserted claims for breach of contract, tortious interference, and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act ("TUTSA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§134.001 et. seq. The petition requested injunctive relief,

compensatory damages for harm "not susceptible to injunctive relief," punitive damages, and costs and attorney's fees.

Discovery was conducted under a level three discovery control plan. The court's September 13, 2021 scheduling order set a May 3, 2022 discovery deadline. Four months after the entry of the order, Kroger served written discovery on Bioplus and Sturns. Bioplus and Sturns both responded on April 4, 2022.

On May 3, 2022, the day that discovery closed, Kroger moved to modify the scheduling order and extend the time for discovery. The trial court denied the requested extension and modification, but continued the trial date.[1]

Kroger filed a motion to compel on May 12, 2022. The motion is not included in the record, and the record does not reflect that the motion was heard or otherwise submitted for the court's consideration.[2]

Sturns and Bioplus filed no evidence motions for summary judgment, and Kroger responded to both motions. Kroger's response relied on its verified petition, its own answers to interrogatories, and the declaration of Ryan McGrath (the "Declaration") to defeat summary judgment.

The court conducted a hearing and granted summary judgment in favor of Bioplus and Sturns on all of Kroger's claims. This timely appeal followed.

---

[1] Kroger does not challenge the denial of the motion on appeal.

[2] The docket sheet includes an entry for a "Notice of Hearing/Fiat" on May 31, 2022 but there is no indication the court conducted a hearing.

## II. ANALYSIS

## A.  Standard of Review and Applicable Law

After adequate time for discovery, a party may move for summary judgment asserting that there is no evidence of one or more essential elements of a claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The rule requires that a no-evidence motion specifically state the element or elements for which there is no evidence. TEX. R. CIV. P 166a(i); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017).

Once the movant specifies the elements lacking evidence, the burden shifts to the respondent to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P 166a(i); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *see also Bradford Ptrs. II, L.P. v. Fahning,* 231 S.W.3d 513, 516–17 (Tex. App.—Dallas 2007, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no-evidence challenge will be sustained when: (1) there is a complete absence of evidence of a vital fact; (2) the trial court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

More than a scintilla of evidence exists when the evidence would permit reasonable and fair-minded people to differ in their conclusions. *King Ranch,* 118 S.W.3d at 751. Evidence that is so weak as to do no more than create a mere surmise or suspicion does not create a fact issue. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014). In our review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in his favor. *King Ranch*, 118 S.W.3d at 751. We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B.    Adequate Time for Discovery

The parties had eight months to complete discovery after the trial court entered the scheduling order. Kroger argues that the trial court's ruling was erroneous because there was inadequate time for discovery. We disagree.

A no-evidence motion for summary judgment may be granted only after "an adequate time for discovery." *See* TEX. R. CIV. P. 166a(i). But the rule does not require that discovery be completed, only that there was "adequate time." *Id. see also, Dishner v. Huitt–Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet). The adequacy of the time for discovery is determined by the nature of the action, the evidence required, and the length of time the case has been on file. *See Restaurant Teams Intern., Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex. App.— Dallas 2002, no pet.). We review a trial court's determination that there has been an adequate time for discovery for an abuse of discretion. *See Ling v. BDA&K Bus.*

*Servs., Inc.*, 261 S.W.3d 341, 349 (Tex. App.—Dallas 2008, no pet.); *Restaurant Teams*, 95 S.W.3d at 339.

Kroger does not identify any depositions remaining to be scheduled or that were not completed or any additional paper discovery it needed to serve. Instead, it relies on the filing of the motion to compel to argue the trial court "ignored the fact that discovery disputes remained at the time of dismissal." This argument is not persuasive.

If a party is not satisfied with an opposing party's discovery objections or responses to discovery inquiries, that party may move the trial court to compel discovery." *U. Lawrence Boze' & Assoc., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also* TEX. R. CIV. P. 215.1. But "[t]o preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue." *U. Lawrence Boze' & Assoc.*, 368 S.W.3d at 32.

The motion Kroger refers to here is not included in the record. Moreover, Kroger concedes it did not raise the motion to compel with the trial court, and the record reflects that the motion was filed after the deadline for completion of discovery. Therefore, we do not consider the untimely motion to compel filing in our analysis.

In addition, the Texas Rules of Civil Procedure provide a remedy to address an inadequate time for discovery. Specifically, when a party contends that it has not

had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* TEX. R. CIV. P. 166a(g); *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 648 (Tex. 1996). Kroger did neither. Accordingly, there is no basis to conclude the trial court abused its discretion in determining that an adequate time for discovery had passed.

## C.    The Summary Judgment Evidence

Kroger initially argued that we should consider its verified petition and its answers to interrogatories, but properly conceded at oral argument that neither constitute competent summary judgment evidence. *See Watson v. Henderson*, No. 05-08-01158-CV, 2010 WL 175082, at *3 (Tex. App.—Dallas Jan. 20, 2010 pet. denied) (mem. op.) (party cannot rely on its own interrogatory answers even in the absence of objection); *Regency Field Servs., LLC v. Swift Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021) (pleadings generally do not qualify as summary judgment evidence, even when verified). Therefore, the Declaration is the only proffered evidence considered in our summary judgment analysis.

There were no objections to Kroger's summary judgment evidence in the court below and the parties disagree about the extent to which we can consider the deficiencies in the Declaration. Kroger insists that any deficiencies are a matter of form and cannot be considered because there was no objection in the trial court. *See Gonzalez v. VATR Const., LLC,* 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no

pet.). Conversely, Bioplus responds that the deficiencies are substantive and pertain to the sufficiency of the evidence and can therefore be challenged and considered for the first time on appeal. *See Thompson v. Curtis,* 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.).

Objections to the testimony of an interested witness or the absence of personal knowledge are defects in form. *See Hartsfield v. Hartsfield Cabinet,* 05-21-00896-CV, 2022 WL 4103097, at *3 (Tex. App.—Dallas Sept. 8, 2022, no pet.) (mem. op.). "Objections to the form of summary judgment evidence are preserved for review only if such objections are made and ruled on by the trial court." *Id.*

On the other hand, defects in the substance of the evidence do not require a written ruling, and such objections may be raised for the first time on appeal. *Hartsfield*, 2022 WL 4103097, at *3; *Thompson*, 127 S.W.3d at 450. Substantive defects are those that leave the evidence legally insufficient and include affidavits which are nothing more than legal or factual conclusions. *Stewart v. Sanmina Texas L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet); *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

By rule, affidavits opposing summary judgment must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f); *see also Ryland Grp., Inc. v. Hood*, 924 S.W.2d

120, 122 (Tex. 1996) (per curiam); *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Generally, a statement of subjective belief, which is not supported by other summary-judgment proof, is insufficient. *Ryland Grp.*, 924 S.W.2d at 122. This is because an affidavit stated in terms of the affiant's "understanding" of the "circumstances" constitutes mere speculation and has no probative force. *See Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 566 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

A "conclusory" statement is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008); *see also Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, no pet.) (statements are conclusory if they fail to provide underlying facts to support their conclusions). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *Ryland Grp.*, 924 S.W.2d at 122.

In the opening paragraph of the Declaration, McGrath says: "***Unless stated otherwise***, I have personal knowledge of the facts contained in this Declaration." The Declaration then states, in pertinent part:

> Specifically, **I have reason to believe** that Sturns solicited the following customers from [Kroger] to BioPlus [listing nine customers] . . .

> Sturns' solicitations of [Kroger's] customers, referral sources and/or patients within the Restricted Area and/or the Sales Territory resulted in business being diverted from [Kroger] to BioPlus.
>
> **I have reason to believe** that BioPlus now services, or at least serviced at one time, some or all of the [Kroger] customers, referral sources and/or patients identified above, who were within the Restricted Area and/or the Sales Territory and who were solicited or diverted by Sturns.

(Emphasis added).

Bioplus argues that this case is unique because McGrath affirmatively disclaimed any personal knowledge of the pertinent facts. While we agree that the disclaimer is unusual, the statement "I have reason to believe" signifies an absence of personal knowledge, and as such, required a form objection in the court below. *See* TEX. R. CIV. P. 166a(f); *Hartsfield*, 2022 WL 4103097, at *3.

But this does not end the inquiry because the statements expressing McGrath's beliefs are also conclusory. McGrath states that Sturns solicited customers and this solicitation resulted in business being diverted to Bioplus. He further states that Bioplus "now services, or at least serviced at one time," the identified customers he contends Sturns solicited. But McGrath provides no demonstrable basis for these assertions. Instead, he simply concludes that Sturns solicited customers and business was diverted without articulating how, why, or any other underlying facts to support his conclusions. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavits consisting of only conclusions are insufficient to raise a question of fact); *Grant v. Wind Turbine & Energy Cables Corp*, No. 02-21-00036-CV, 2022 WL 2840142, at *4 (Tex. App.—Fort Worth Jul. 21, 2022, no pet.) (mem. op.) (bare

–10–

assertions and conclusions without supporting facts are conclusory). In essence, McGrath is saying that he believes these things occurred, without stating any basis for those beliefs. *See Nathan v. USAA Gen. Indem.*, No. 05-23-00106-CV, 2024 WL 1925864, at *3 (Tex. App.—Dallas May 2, 2024, no pet. h.) (mem. op.) (affiant's statement that she believed a misrepresentation occurred was conclusory); *Carter v. Ag America AVI, LLC.*, No.11-22-00127-CV, 2024 WL 1774099, at *5–6 (Tex. App.—Eastland Apr. 25, 2024, no pet. h.) (affiant's statement that she believed judge was conspiring with opposing counsel was conclusory). These statements go beyond a lack of personal knowledge because there is no premise whatsoever to support the ultimate conclusions. "An inference is not reasonable if it is premised on mere suspicion—some suspicion linked to other suspicion produces only more suspicion, which is not the same as evidence." *Suarez v. City of Texas City*, 465 S.W.3d 623, 624 (Tex. 2015). Unsubstantiated facts are conclusory. *See Chupik Prop. and Design, Inc. v. MCCS, Ltd.*, No. 03-22-00451-CV, 2024 WL 1750752, at *3 (Tex. App.—Austin Apr. 24, 2024, no pet. h.) (mem. op.). We can consider the conclusory nature of the Declaration on appeal. *See Thompson*, 127 S.W.3d at 450.[3]

---

[3] The declaration was made "pursuant to 28 U.S.C. §1746." Although the Declaration is made under penalty of perjury, it lacks the statutorily required jurat that includes the declarants date of birth. *See Hays Street Bridge Rest. Grp. v. City of San Antonio*, 570 S.W.3d 697,702 n.15 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(d) (providing that an unsworn declaration used in lieu of an affidavit must include a jurat in substantially the prescribed form, which includes the declarant's date of birth). Because there was no objection in the court below, we do not consider this form defect in this appeal. *See Stone v. Midland Multifamily Equit. REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.).

## C. Kroger's Claims

Kroger asserted a tortious interference against Bioplus, a TUTSA claim against Bioplus and Sturns, and a breach of contract claim against Sturns. We consider the Declaration to determine whether Kroger met its burden to adduce a scintilla of evidence on these claims. *See Bradford Ptrs*., 231 S.W.3d at 516–17.

### Breach of Contract

We begin with Kroger's breach of contract claim against Sturns. A plaintiff asserting a breach-of-contract claim must prove: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Sturns's motion for summary judgment argues that Kroger has no evidence of a breach of contract beyond conclusory allegations and no evidence of any damages resulting from the alleged breach. We thus consider whether Kroger raised a fact issue on these challenged elements. *See Sw. Elec. Power*, 73 S.W.3d at 215.

The Declaration authenticates and attaches the Agreement. McGrath then states:

> While employed by BioPlus, and shortly before becoming employed by BioPlus, Sturns solicited some of the same customers, referral sources and/or patients in her former Sales Territory, in violation of her Agreement with [Kroger].

Sturns: (a) provided BioPlus business cards and marketing materials to one or more customers, referral sources and/or patients within the Restricted Area and/or the Sales Territory (both as defined in the Agreement); (b) conducted meetings with one or more such customers, referral sources and/or patients; and (c) met with or spoke to such customers, referral sources and/or patients.

Again, McGrath provides no factual basis to support these conclusions. But even if we were to conclude the Declaration was sufficient to establish a contract and raise a fact question about whether the contract was breached, there is no evidence that Kroger suffered damages.

It is well-established that damages must always be proved with reasonable certainty. *Perthuis v. Baylor Miraca Genetics Laboratories, LLC*, 645 S.W.3d 228, 243 (Tex. 2022). Kroger's petition requested actual damages only to the extent damages were not covered by injunctive relief. The Declaration simply states, however, that "[Kroger] is seeking damages from Sturns and Bioplus for the diversion of [Kroger's] referral sources and patients." Thus, Kroger not only failed to affirmatively state that it had suffered damages, it provided no facts or figures to support its basis for requesting damages. *See James L. Gang & Assoc. v. Abbot Labs., Inc.*, 198 S.W.3d 434, 439 (Tex. App.—Dallas 2006, no pet.) (no basis for damages); *see also Trebuchet Siege Corp. v. Pavecon*, No. 05-12-00945-CV, 2014 WL 4071804 at *5 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (mem. op.) (same). Because Kroger failed to adduce evidence to support the challenged damage element, the trial court did not err in concluding that Kroger failed to meet its summary judgment burden on the breach of contract claim. *See Jones v. Guildford,*

–13–

*LLC*, No. 05-22-01252, 2023 WL 8540007, at *6 (Tex. App.—Dallas Dec. 11, 2023, no pet.) (mem. op.) (no evidence of damages); *Emergency Staffing Solutions, Inc. v. Harvey,* No. 05-21-00148-CV, 2023 WL 33369, at *6 (Tex. App.—Dallas Jan. 4, 2023, no pet.) (same).

**Tortious Interference**

We next consider whether the Declaration raises a fact issue on Kroger's tortious interference claim against Bioplus. The elements of tortious interference with an existing contract are: (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

Bioplus's motion for summary judgment argued there was no evidence that (i) it willfully and intentionally interfered with the contract, (ii) the interference proximately caused Kroger's injury, and (iii) Kroger incurred actual injury or loss. Kroger was required to raise a fact issue on each of these elements. *See Bradford Ptrs.*, 231 S.W.3d at 516–17.

Kroger relies on the Declaration to generally argue that it produced evidence demonstrating Sturns's employment with Bioplus violated the Agreement, and Sturns intentionally solicited at least ten of Kroger's customers for Bioplus. Kroger maintains these alleged facts are sufficient evidence to establish that Bioplus intentionally interfered with the Agreement.

–14–

As previously discussed, however, the conclusory statements in the Declaration do not establish that Sturns solicited Kroger customers for Bioplus, intentionally or otherwise. *See Tessmer Law Firm, P.L.L.C v. Carillo*, No. 05-23-0081-CV, 2024 WL 1431149, at *7 (Tex. App.—Dallas Apr. 3, 2024 no pet. h.) (mem. op.) (no specific facts providing basis for statements); *Simons v. Medical Hyperbarics*, No. 05-23-0053-CV, 2024 WL 1130833, at *4 (Tex. App.—Dallas Mar. 15, 2024, no pet.) (mem. op.) (statements that do not provide "specific factual bases on which the conclusion was drawn are conclusory") (*quoting Adcock v. Cal Maine Foods, Inc.*, No. 03022000418-CV, 2024 WL 201963, at *3 (Tex. App.—Austin Jan. 9, 2024, no pet.)).

Moreover, even if there was evidence that Sturns solicited Kroger customers, that fact would not establish that Bioplus knowingly and willfully violated the Agreement. A tortious interference claim "cannot be premised merely on the hiring of an at-will employee." *Lazar Spot, Inc. v. Hiring Partners, Inc.*, 387 S.W.3d 40, 53 (Tex. App.—Texarkana 2012, pet. denied). Rather, this court has held that "[t]o establish a willful and intentional act of interference, there must be evidence that the defendant was more than a willing participant—the defendant must have knowingly induced one of the contracting parties to breach its obligations under the contract." *Greenville Automatic Gas Co. v. Automatic Propane Gas and Supply, LLC*, 465 S.W.3d 778, 786–87 (Tex. App.—Dallas 2015, no pet.). There is no such evidence here.

Because Kroger failed to carry its summary judgment burden to produce sufficient evidence to raise a fact issue on the willful and intentional interference element, the trial court did not err in granting summary judgment on Kroger's tortious interference claim. *See Fitness Evolution, L.P. v. Headhunters Fitness, L.L.C.*, No. 05-13-00506-CV, 2015 WL 6750047, at *23 (Tex. App.—Dallas Nov. 4, 2015, no pet.) (to survive summary judgment claim nonmovant must produce some direct evidence of a willful act of interference).

**TUTSA**

Finally, we consider whether the Declaration was sufficient to defeat summary judgment on Kroger's TUTSA claim against Sturns and Bioplus. The elements of trade secret misappropriation under TUTSA are: (i) a trade secret existed; (ii) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; (iii) the trade secret was used without authorization; and (iv) the trade secret owner suffered damages as a result. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134A.002(1),(3),(6); *Snowhite Textile and Furnishings, Inc. v. Innvision Hosp., Inc.*, No-05-18-01447-CV, 2020 WL 7332677, at *4 (Tex. App.—Dallas Dec. 4, 2020, no pet.) (mem. op.); *Twister B.V. v. Newton Research Partners, LP*, 364 S.W.3d 428, 437 (Tex. App.—Dallas 2012, no pet.).

The summary judgment motions argued there was no evidence to support the second, third, and fourth elements of Kroger's TUTSA claim. Again, Kroger relies

on the Declaration to argue there is sufficient evidence to defeat summary judgment on this claim.

Specifically, Kroger maintains the Declaration establishes that Sturns solicited Kroger's customers from her Kroger sales territory while employed by Bioplus. According to Kroger, this demonstrates that Sturns breached a confidential relationship with Kroger and used confidential information she obtained from Kroger at Bioplus. Kroger further argues "there is evidence that the Kroger customers Sturns solicited to Bioplus did in fact become Bioplus customers, diverting profits from Kroger."

We have concluded, however, that these assertions are unsupported by and untethered to any facts, rendering them conclusory and, thus, no evidence to defeat summary judgment motion. *See, Ryland*, 924 S.W.2d at 122. The deficiencies remain even though they are argued in support of a different claim.

Further, even if there was competent summary judgment evidence to establish that Sturns serviced some of the same clients at Bioplus that she serviced at Kroger, this does not establish use of Kroger's confidential information sufficient to defeat summary judgment. *See Greenville Automatic Gas*, 465 S.W.3d at 788; *see also Med Rx. Servs., LLC v. Georgekutty,* No. 02-21-00017-CV, 2021 WL 6069102, at *7–9 (Tex. App.—Fort Worth Dec. 23, 2021, no pet.) (mem. op.) (inferences did not establish use or disclosure of confidential information); *Lakeway Reg'l Med. Ctr., LLC v. Lake Travis Transitional LTCH, LLC*, No. 03-15-0025-CV, 2017 WL

–17–

672451, at *14 (Tex. App.—Austin Feb. 17, 2017, pet. denied) (mem. op. on reh'g) (speculation about use of confidential information was no more than surmise or suspicion). Therefore, the trial court properly concluded there was no evidence to support Kroger's TUTSA claim.

### III. CONCLUSION

Having resolved all of Kroger's issues against it, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

221276F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KROGER SPECIALTY INFUSION CA, LLC, Appellant

No. 05-22-01276-CV     V.

MARNI TAZAMISHA STURNS AND BIOPLUS SPECIALTY PHARMACY SERVICES LLC, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-10498. Opinion delivered by Justice Garcia. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MARNI TAZAMISHA STURNS AND BIOPLUS SPECIALTY PHARMACY SERVICES LLC recover their costs of this appeal from appellant KROGER SPECIALTY INFUSION CA, LLC.

Judgment entered this 16th day of May 2024.